UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW A. CEJAS,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT BROWN, et al.,<br><br>Defendants. | Case No.: 18-cv-00543-WQH (JLB)<br><br>**REPORT AND RECOMMENDATION REGARDING DEFENDANTS' MOTION TO DISMISS COMPLAINT**<br><br>**[ECF No. 20]** |

Plaintiff Andrew A. Cejas ("Plaintiff"), a prisoner proceeding *pro se* and *in forma pauperis*, filed a Civil Rights Complaint ("Complaint") on March 15, 2018, alleging civil rights violations pursuant to 42 U.S.C. § 1983 against defendants R. Brown, F. Hadjadj, J. Davies, and P. Covello (collectively, "Defendants").[1] (ECF No. 1 ("Compl.").)

---

[1] In his Complaint, Plaintiff sought to certify a class of all similarly situated prisoners. (*See* Compl. at 11.) However, the Court denied Plaintiff's request for class certification in its screening order. (ECF No. 13 at 5-6.)

1

Presently before the Court is Defendants' motion to dismiss the Complaint, Plaintiff's opposition, Defendants' reply, and Plaintiff's sur-reply. (ECF Nos. 20, 26, 28, 30.) The Court submits this Report and Recommendation to United States District Judge William Q. Hayes pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.3 of the Local Rules of Practice for the United States District Court for the Southern District of California. After a thorough review of the Complaint, the parties' motion papers, and all supporting documents, and for the reasons discussed below, the Court **RECOMMENDS** that the motion to dismiss filed by Defendants (ECF No. 20) be **DENIED**.

## I. BACKGROUND

Plaintiff is a prisoner incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California. (Compl. at 12.) In his Complaint, Plaintiff alleges that Defendants violated his right to the free exercise of his Buddhist faith under the First Amendment, imposed a substantial burden on the exercise of that faith in violation of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, *et seq.*, and denied him equal protection of the law under the Fourteenth Amendment, "from 2016 through 2018." (*Id.* at 22-34.)

Plaintiff alleges that he has been a serious Buddhist practitioner for over ten years. (*Id.* at 24.) His faith mandates meditation, chanting, and prostration, in an indoor setting. (*Id.*) Plaintiff alleges that Buddhists are scheduled for chapel access at RJD, but weekly access is denied. (*Id.* at 24-34) Plaintiff further alleges that Defendants have a duty to provide supervision for Buddhist services, but have failed to do so. (*Id.* at 25-34.) Plaintiff alleges that Defendants favor other religions by granting them a guaranteed weekly service and weekly chaplain supervision. (*Id.* at 28, 33.) Plaintiff also alleges that Defendants violated RLUIPA by failing to provide food at state expense for Buddhist holidays. (*Id.* at 31.)

///
///
///

Plaintiff further alleges that defendant Covello, as Chief Deputy Warden, is responsible for policy operation at RJD and is the "moving force behind [California Department of Corrections and Rehabilitation ("CDCR")] policies." (*Id.* at 12.) He also alleges that defendant Brown, as the Community Resource Manager at RJD, is "the policy maker for all religious groups, chapel schedules, religious items, religious approved holiday and religious banquets" and "oversees all religious programs." (*Id.* at 13.) In addition, Plaintiff alleges that defendant Hadjadj is a Jewish Rabbi at RJD and is also responsible for overseeing Buddhist services, *id.* at 13-14, and that defendant Davies, an A/A/PIO, is personally involved in the supervision of defendants Brown and Hadjadj "in directing them to communicate and cover Buddhist services weekly," *id.* at 14.

## II. LEGAL STANDARD

### A. Motion to Dismiss for Failure to State a Claim

The Federal Rules of Civil Procedure require that a plaintiff's complaint must provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The pleading standard of Rule 8 does not require detailed factual allegations, and the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (citing *Twombly*, 550 U.S. at 555).

A motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims in the complaint. *Twombly*, 550 U.S. at 555. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . .

a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121–22 (9th Cir. 2008). The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

In ruling on a Rule 12(b)(6) motion to dismiss, the court does not look at whether the plaintiff will "ultimately prevail but whether the [plaintiff] is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The court may consider allegations contained in the pleadings, exhibits attached to the complaint, and documents and matters properly subject to judicial notice. *Outdoor Media Grp., Inc. v. City of Beaumont*, 506 F.3d 895, 899 (9th Cir. 2007). The court must assume the truth of the facts presented and construe all inferences from them in the light most favorable to the nonmoving party. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam). However, the court is "not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

Ordinarily, affirmative defenses such as res judicata may not be raised on a Rule 12(b)(6) motion to dismiss. *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984) (per curiam). Dismissal under Rule 12(b)(6) on such basis is proper only if the defendant shows some obvious bar to securing relief on the face of the complaint. *ASARCO, LLC v. Union Pac. R.R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014) (citing *Sams v. Yahoo! Inc.*, 713 F.3d 1175, 1179 (9th Cir. 2013); 5B Charles Alan Wright et al., *Federal Practice and Procedure* § 1357 (3d ed.1998)). If, from the allegations of the complaint as well as any judicially noticeable materials, an asserted defense raises disputed issues of fact, dismissal under Rule 12(b)(6) is improper. *Id.* (citing *Scott*, 746 F.2d at 1378).

///
///
///
///

### B. Standards Applicable to *Pro Se* Litigants

With respect to an inmate who proceeds *pro se*, his factual allegations, "however inartfully pleaded . . . must be held to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Erickson*, 551 U.S. at 94 (reaffirming that this standard applies to *pro se* pleadings post-*Twombly*). Thus, where a plaintiff appears *pro se* in a civil rights case, the Court must construe the pleadings liberally and afford plaintiff any benefit of the doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, in giving liberal interpretation to a *pro se* civil rights complaint, courts may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim." *Jones v. Cmty. Redevelopment Agency of City of L.A.*, 733 F.2d 646, 649 (9th Cir. 1984).

Before dismissing a *pro se* civil rights complaint for failure to state a claim, the plaintiff should be given a statement of the complaint's deficiencies and an opportunity to cure. *Karim-Panahi v. L.A. Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988). Only if it is absolutely clear that the deficiencies cannot be cured by amendment should the complaint be dismissed without leave to amend. *Id.*; *see also James v. Giles*, 221 F.3d 1074, 1077 (9th Cir. 2000).

### III. DISCUSSION

### A. *Rand* Notice

As an initial matter, Plaintiff contends that Defendants' motion to dismiss must be set aside or stricken because he did not receive a *Rand* notice. (ECF No. 26 at 2.) In the Ninth Circuit, a *pro se* prisoner litigant is entitled to "fair notice of the requirements and consequences of the summary judgment rule." *Solis v. Cnty. of L.A.*, 514 F.3d 946, 952 (9th Cir. 2008) (citing *Rand v. Rowland*, 154 F.3d 952, 959 (9th Cir. 1998)). Either the district court or the moving party may provide the notice, commonly referred to as a *Rand* notice, "which must be phrased in ordinary, understandable language and must inform the

prisoner both of his right to file counter-affidavits or other responsive evidentiary materials and, most importantly, of the effect of losing on summary judgment." *Stratton v. Buck*, 697 F.3d 1004, 1007-08 (9th Cir. 2012) (citing *Solis*, 514 F.3d at 952) (internal quotation marks and alterations omitted).

A *pro se* prisoner litigant is also entitled to a notice, similar to the notice described in *Rand*, "when a district court will consider materials beyond the pleadings in ruling upon a defendant's motion to dismiss for failure to exhaust administrative remedies." *Id.* The reasons for providing the notice in both circumstances include the complexity of the rules involved, and the lack of legal sophistication of the *pro se* prisoner. *Id.*

Here, Defendants have not filed a motion for summary judgment or an unenumerated Rule 12(b) motion to dismiss for failure to exhaust administrative remedies. (*See* ECF No. 20.) Rather, Defendants have filed a Rule 12(b)(6) motion for failure to state a claim on the grounds of res judicata. (*See id.*) Accordingly, the Court declines Plaintiff's request to strike or set aside Defendants' motion.

**B.     Res Judicata**

As noted above, Defendants move to dismiss the Complaint on the grounds that Plaintiff's claims are barred by res judicata. (ECF No. 20.) Defendants assert that the claims in this action are precluded by an earlier action Plaintiff filed in this District in 2015, *Cejas v. Brown*, Case No. 15-cv-00949-WQH (MDD) (S.D. Cal.) ("2015 Action").

    1.     2015 Action

On April 29, 2015, Plaintiff filed a separate civil rights action under Section 1983 against defendants R. Brown, W.O. Brown, F. Hadjadj, K. Seibel, G. Murphy, and R.L. Briggs, all of whom were state officials working at RJD. (2015 Action, ECF No. 1.) In a complaint substantially similar to the present one, Plaintiff alleged that the defendants violated his right to the free exercise of his Buddhist faith under the First Amendment, imposed a substantial burden on the exercise of that faith in violation of RLUIPA, and denied him equal protection of the law under the Fourteenth Amendment, from 2013 through 2015. (*Id.* at 1-32.)

Plaintiff alleged that he is a sincere practitioner of the Buddhist faith and that the defendants violated his rights by (1) denying Buddhist inmates equal chapel (or other indoor) access to conduct mandatory meditation, chanting, and prostration, (2) not allowing weekly Buddhist services, and (3) not providing supervision of Buddhist services. (*See id.* at 8-9, 21-32.) Plaintiff further alleged that the defendants favored other religions with a guaranteed weekly service and chaplain supervision, and failed to provide food at state expense for annual Buddhist holidays. (*Id.* at 25-26, 29.)

Plaintiff further alleged the following: that defendant K. Seibel, as the Chief Deputy Warden, was responsible for policy operations at RJD; defendant R. Brown, the Community Resource Manager at RJD, was responsible for overseeing all religious programs; defendant Hadjadj, a Rabbi at RJD, was responsible for overseeing Buddhist services; defendant W.O. Brown, a chaplain at RJD, had a duty to provide supervision for Buddhist services; and defendants G. Murphy and R.L. Briggs were responsible for the final decision of inmate appeals at the third level. (*Id.* at 2, 10-12, 23.)

The 2015 Action settled at an Early Neutral Evaluation Conference held before the Honorable Mitchell D. Dembin on May 4, 2016. (2015 Action, ECF No. 28.) On May 12, 2016, the parties filed a Stipulation for Voluntary Dismissal with Prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(ii), as the parties had "resolved th[e] case in its entirety." (2015 Action, ECF No. 31.) Pursuant to the Stipulation, the Honorable William Q. Hayes closed the case. (2015 Action, ECF No. 33.)

    2.    <u>Analysis</u>

"The preclusive effect of a federal-court judgment is determined by federal common law." *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008); *see also Ruiz v. Snohomish Cnty. Pub. Util. Dist. No. 1*, 824 F.3d 1161, 1164 (9th Cir. 2016). Under federal common law, the doctrine of res judicata bars the re-litigation of claims previously decided on their merits. *Headwaters, Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051 (9th Cir. 2005). Res judicata, or claim preclusion, provides that a final judgment on the merits of an action precludes the parties from relitigating all issues that were or could have been raised in that action. *Rein*

*v. Providian Fin. Corp.*, 270 F.3d 895, 898-99 (9th Cir. 2001). The elements necessary to establish res judicata are: "(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *Headwaters, Inc.*, 399 F.3d at 1052 (citing *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.2d 1064, 1077 (9th Cir. 2003)).

### a. *Judicial Notice*

Defendants request that the Court take judicial notice of various filings in the 2015 Action, as well as of the Settlement Agreement and Release ("Settlement Agreement") resolving the 2015 Action. (ECF No. 20-2.) "When ruling on a Rule 12(b)(6) motion to dismiss, if a district court considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment, and it must give the nonmoving party an opportunity to respond." *United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003) (citing Fed. R. Civ. P. 12(b); *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 n. 4 (9th Cir. 1998)). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Id.* (citing *Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2002); *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994); 2 James Wm. Moore et al., *Moore's Federal Practice* § 12.34[2] (3d ed. 1999)).

Courts may take judicial notice of court filings. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (noting that courts may take judicial notice of court filings and other matters of public record). Accordingly, the Court grants Defendants' request and takes judicial notice of the filings in the 2015 Action.

The Court declines, however, to take judicial notice of the Settlement Agreement. Courts in this District have declined to take judicial notice of settlement agreements that have not been filed in a court and are therefore not a matter of public record. *See Ruyan Inv. Holdings Ltd. v. Smoking Everywhere, Inc.*, No. CV 11-367 GAF (FFMX), 2011 WL 13218017, at *4 (C.D. Cal. Aug. 22, 2011) (citing *MSGI Sec. Solutions, Inc. v. Hyundai Syscomm Corp.*, No. 09–3330, 2009 WL 4254457, at *4 (N.D. Cal. Nov. 24, 2009);

*Gallagher v. San Diego Unified Port Dist.*, No. 08–886, 2009 WL 311120, at *5 n.8 (S.D. Cal. Feb. 6, 2009)). In such circumstances, an agreement is not "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *See* Fed. R. Evid. 201(b)(2). Here, there is no indication that the parties ever filed the Settlement Agreement in any court, and thus it is not a proper subject for judicial notice.

The Court also declines to take judicial notice of the Settlement Agreement under the incorporation by reference doctrine. Under this doctrine, courts may take judicial notice of a document a defendant attaches to its motion to dismiss, even though the plaintiff does not explicitly allege the contents of that document in the complaint, so long as the parties do not dispute the authenticity of the document and plaintiff's claim depends on the document. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); *see also Parrino*, 146 F.3d at 706 (incorporating employee health plan where the claims were premised upon plaintiff's coverage under the plan). Here, Plaintiff has not disputed the authenticity of the Settlement Agreement in his opposition or sur-reply, but Plaintiff does not reference the Settlement Agreement in his Complaint, and the claims in his Complaint do not depend on the document.[2] (*See* Compl.; ECF Nos. 20, 26, 28, 30.)

As noted above, the Court can consider matters outside the pleadings that are not subject to judicial notice if it converts the motion to a motion for summary judgment and gives the non-moving party an "opportunity to supplement the record." *See Ritchie*, 342 F.3d at 907-08; *see also Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994). However, because Plaintiff did not receive a *Rand* notice and has not had an opportunity to respond, the Court finds it inappropriate to convert the present motion to a motion for summary judgment so that it can consider the Settlement Agreement. The Court therefore limits its

---

[2] In his opposition and sur-reply, Plaintiff suggests that he is asserting a claim for breach of the Settlement Agreement in the present action. (*See* ECF Nos. 26 at 16, 20; 30 at 1-4.) However, he does not allege such a claim in his Complaint.

analysis of Defendants' claim of a res judicata bar to the Complaint and the judicially noticeable documents provided.

b. *Final Judgment on the Merits*

A stipulated dismissal of an action with prejudice in a federal district court constitutes a final judgment on the merits and precludes a party from reasserting the same claims in a subsequent action in the same court. *Headwaters Inc.*, 399 F.3d at 1052, n.4 (finding that a stipulated dismissal with prejudice in a federal court bars refiling of the same claim in the same district court). The parties in the 2015 Action filed a stipulated dismissal with prejudice in this District. (2015 Action, ECF No. 31.) Therefore, the stipulation constitutes a final judgment on the merits for purposes of res judicata.

Moreover, the parties' resolution of their claims by way of a settlement agreement constitutes a final judgment on the merits. *See Int'l Union of Operating Eng'rs–Emp'rs Constr. Indus. Pension, Welfare & Training Trust Funds v. Karr*, 994 F.2d 1426, 1429 (9th Cir. 1993) ("*Karr*") (finding that dismissal of action with prejudice pursuant to a settlement agreement was a final judgment on the merits preventing reassertion of same claim in subsequent action); *Green v. Ancora-Citronelle Corp.*, 577 F.2d 1380, 1383 (9th Cir. 1978) (finding that the fact a judgment "was the result of the parties' stipulation of settlement does not detract from its being considered a conclusive determination of the merits of that action for purposes of collateral estoppel where . . . it is clear that the parties intended the stipulation of settlement and judgment entered thereon to adjudicate once and for all the issues raised in that action").

Based on the foregoing, the Court finds that there was a final judgment on the merits for purposes of res judicata.

c. *Privity Between Parties*

Generally, a person who is not a party to an action is not entitled to the benefits of res judicata. However, where "two parties are so closely aligned in interest that one is the virtual representative of the other, a claim by or against one will serve to bar the same claim by or against the other." *Nordhorn v. Ladish Co., Inc.*, 9 F.3d 1402, 1405 (9th Cir. 1993).

"There is privity between officers of the same government so that a judgment in a suit between a party and a representative of the [government] is res judicata in re-litigation of the same issue between that party and another officer of the government." *Sunshine Anthracite Coal Co. v. Adkins*, 310 U.S. 381, 402-03 (1940); *see also Scott*, 746 F.2d at 1378.

Here, the plaintiff is the same in both cases, as well as two of the defendants – R. Brown and F. Hadjadj. Although J. Davies and P. Covello were not defendants in the 2015 Action, the Court finds that there is privity because Plaintiff sued all of the defendants in both cases in their official capacity as CDCR representatives. Moreover, it is clear that the defendants are interchangeable as government representatives. (*Compare* Compl. at 2 (suing P. Covello in his capacity as Chief Deputy Warden of RJD) *with* 2015 Action at ECF No. 1 (suing K. Seibel in his capacity as Chief Deputy Warden at RJD).) Accordingly, the Court finds that there is privity between parties for purposes of res judicata.

d. *Identity of Claims*

In determining whether a present dispute concerns the same claims as those asserted in prior litigation, the Ninth Circuit considers:

> (1) [W]hether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts. The last of these criteria is the most important.

*Headwaters Inc.*, 399 F.3d at 1052 (quoting *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982) (internal citation omitted)); *see also Karr*, 994 F.2d at 1430 (noting the factors cited in *Costantini* are "tools of analysis, not requirements").

The two suits – the present one and the 2015 Action – clearly involve alleged infringement of the same rights. However, nothing on the face of the current Complaint shows how prosecution of this action would impair rights or interests established in the

2015 Action. Moreover, it is apparent that previously unavailable evidence[3] would be presented in this action. Most significantly, the two suits do not arise out of the same transactional nucleus of facts, as the alleged infringement occurred at different times. "It is well established . . . that the difference in timing means that the two situations do not involve the same 'claim' for claim-preclusion purposes, even if all the conduct is alleged to be unlawful for the same reason." *Asetek Danmark A/S v. CMI USA Inc.*, 852 F.3d 1352, 1365 (Fed. Cir. 2017); *see also Frank v. United Airlines, Inc.*, 216 F.3d 845, 851 (9th Cir. 2000) ("A claim arising after the date of an earlier judgment is not barred, even if it arises out of a continuing course of conduct that provided the basis for the earlier claim.").[4]

Moreover, the cases cited by Defendants are inapposite. (*See* ECF No. 20-1 at 4.) In *O'Keefe v. Brown*, No. 2:11-CV-2659 KJM KJN P, 2013 WL 34702 (E.D. Cal. Jan. 2, 2013), the district court *denied* the defendants' motion to dismiss on the grounds they had not demonstrated identity of claims. *Id.* at *11. In *Perez v. Johnson*, No. 118CV00348EPGPC, 2018 WL 4173722, at *3 (E.D. Cal. Aug. 28, 2018), the court determined there was identity of claims, but Plaintiff's claims in both actions related to the same events on March 15-16, 2008. *Id.* at *2-3. That is not the case here.

For the foregoing reasons, the Court finds that Defendants have failed to establish that Plaintiff's Complaint is barred by res judicata.

///
///
///

---

[3] *See, e.g.*, ECF No. 3 (exhibits to Plaintiff's Complaint).

[4] *See also Whole Woman's Health v. Hellerstedt*, 136 S. Ct. 2292, 2305 (2016), as revised (June 27, 2016) (holding that the development of new material facts can mean that a new case and an otherwise similar previous case do not present the same claim for purposes of res judicata); *Ruyan Inv. Holdings Ltd.*, 2011 WL 13218017, at *4 (collecting cases).

## IV. CONCLUSION

For the reasons stated above, the Court **RECOMMENDS** that Defendants' motion to dismiss be **DENIED**.

**IT IS ORDERED** that no later than **February 8, 2019**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **February 22, 2019**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *See Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

**IT IS SO ORDERED.**

Dated: January 15, 2019

*/s/ Jill Burkhardt*

Hon. Jill L. Burkhardt
United States Magistrate Judge