UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW A. CEJAS,<br><br>                    Plaintiff,<br><br>v.<br><br>ROBERT BROWN, et al.,<br><br>                    Defendants. | Case No.: 18-cv-00543-WQH (JLB)<br><br>**ORDER:**<br><br>**(1) DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTIONS FOR APPOINTMENT OF AN EXPERT PURSUANT TO FED. R. CIV. P. 706 [ECF NOS. 51, 53]; AND**<br><br>**(2) DENYING PLAINTIFF'S MOTION FOR FULL DISCLOSURE OF PERSONNEL RECORDS [ECF NO. 56]** |

      Pending before the Court are the following three motions filed by plaintiff Andrew A. Cejas ("Plaintiff"): (1) a motion for appointment of a neutral expert witness or report pursuant to Federal Rule of Evidence 706 and 28 U.S.C. § 1332 (ECF No. 51); (2) a motion to retain an expert witness and/or appointment of expert (ECF No. 53); and (3) a motion requesting full disclosure of personnel records pursuant to Senate Bill 1421 and Amended California Penal Code §§ 832.7 and 832.8 (ECF No. 56). The Court will address each motion below.

1

## I. BACKGROUND

Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis*, filed a Civil Rights Complaint ("Complaint") on March 15, 2018, alleging civil rights violations pursuant to 42 U.S.C. § 1983 against defendants R. Brown, F. Hadjadj, J. Davies, and P. Covello (collectively, "Defendants"). (ECF No. 1.) Plaintiff is incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California. (*Id.* at 12.) In his Complaint, Plaintiff alleges that Defendants violated his right to the free exercise of his Buddhist faith under the First Amendment, imposed a substantial burden on the exercise of that faith in violation of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, *et seq.*, and denied him equal protection of the law under the Fourteenth Amendment, "from 2016 through 2018." (*Id.* at 22-34.)

Plaintiff alleges that he has been a serious Buddhist practitioner for over ten years. (*Id.* at 24.) His faith mandates meditation, chanting, and prostration, in an indoor setting. (*Id.*) Plaintiff alleges that Buddhists are scheduled for chapel access at RJD, but weekly access is denied. (*Id.* at 24-34) Plaintiff further alleges that Defendants have a duty to provide supervision for Buddhist services, but have failed to do so. (*Id.* at 25-34.) Plaintiff alleges that Defendants favor other religions by granting them a guaranteed weekly service and weekly chaplain supervision. (*Id.* at 28, 33.) Plaintiff also alleges that Defendants violated RLUIPA by failing to provide food at state expense for Buddhist holidays. (*Id.* at 31.)

## II. DISCUSSION

### A. Motions for Appointment of a Neutral Expert Witness (ECF Nos. 51, 53)

#### 1. <u>Legal Standard</u>

The Court has discretion to appoint an expert pursuant to Rule 706(a) of the Federal Rules of Evidence. In relevant part, Rule 706 states that "[o]n a party's motion or on its own, the court may order the parties to show cause why expert witnesses should not be appointed . . . ." Fed. R. Evid. 706(a); *Walker v. Am. Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999). Court appointment of an expert may be

appropriate when "scientific, technical, or other specialized knowledge will assist the trier-of-fact to understand the evidence or decide a fact in issue." *Brown v. Sagireddy*, No. 14-cv-0338 JAM ACP, 2016 WL 446527, at *10 (E.D. Cal. Feb. 5, 2016), *adopted by* 2016 WL 8731089 (E.D. Cal. Mar. 25, 2016) (quoting *Ledford v. Sullivan*, 105 F.3d 354, 358-59 (7th Cir. 1997)); *see also* Fed. R. Evid. 702. Rule 706 does not, however, "contemplate court appointment and compensation of an expert witness as an advocate for one of the parties." *Faletogo v. Moya*, No. 12-cv-631-GPC(WMC), 2013 WL 524037, at *2 (S.D. Cal. Feb. 12, 2013).

The court also has the discretion to apportion costs, including the apportionment of costs to one side. Fed. R. Evid. 706(c)(1); *see also Claiborne v. Blauser*, --- F.3d ----, 2019 WL 2676900, at *11 (9th Cir. June 28, 2019); *Ford ex rel. Ford v. Long Beach Unified Sch. Dist.*, 291 F.3d 1086, 1090 (9th Cir. 2002). However, where the cost would likely be apportioned to the government, the court should exercise caution. *Brooks v. Tate*, No. 11-cv-01503 AWI-DLB PC, 2013 WL 4049043, at *1 (E.D. Cal. Aug. 7, 2013). Moreover, Rule 706 is not a means to avoid the *in forma pauperis* statute and its prohibition against using public funds to pay for the expenses of witnesses. *Manriquez v. Huchins*, No. 09-cv-00456-LJO-BAM PC, 2012 WL 5880431, at *12 (E.D. Cal. 2012).

2. <u>Analysis</u>

Plaintiff has filed two substantially similar motions requesting the appointment of a neutral expert witness pursuant to Federal Rule of Evidence 706. (ECF Nos. 51, 53.) Plaintiff requests that the Court appoint a neutral expert witness to assist the Court and the trier of fact. (ECF No. 51 at 1-2.) Plaintiff requests an expert in world religion and Buddhist traditions and mandatory practices. (*Id.*) Plaintiff contemplates the appointment of a neutral expert witness who would possess skills or knowledge beyond the competence of an "average layman or juror" and would be reliable in the expert's field. (*Id.* at 2.) Specifically, Plaintiff requests an expert that would be able to determine the complex mandatory Buddhist rights in group services and the substantial burden on his religious

3

18-cv-00543-WQH (JLB)

practice. (ECF No. 53 at 3.) He claims that a "lay person has difficulty grasping the understanding of mandatory Buddhist group services . . . ." (*Id.* at 3-4.)

Plaintiff contends that the neutral witness report would be helpful because Plaintiff is a prisoner and cannot cross-examine Defendants' expert witness or present a proper opposition to Defendants' expert report and/or motion for summary judgment. (*See* ECF No. 51 at 2; ECF No. 53 at 4.) Plaintiff anticipates that the neutral expert would review each parties' expert report and supporting materials to prepare and submit a separate and independent expert report critiquing the reports and opinions contained therein. (ECF No. 51 at 2.)

"[T]he most important question a court must consider when deciding whether to appoint a neutral expert witness is whether doing so will promote accurate factfinding." *Gorton v. Todd*, 793 F. Supp. 2d 1171, 1179 (E.D. Cal. 2011). The Court cannot presently answer this question, as the case is currently in the discovery phase. (*See* ECF No. 40.) Defendants have not filed a motion for summary judgment and Plaintiff does not state that Defendants have produced an expert report addressing whether certain Buddhist practices are mandatory. (*See id.* at ¶¶ 6, 7 (expert designations and disclosures due August 23, 2019).) Accordingly, the Court finds that Plaintiff's motions for the appointment of a neutral expert witness pursuant to Federal Rule of Evidence 706 are premature at this stage of the proceedings and **DENIES** the motions without prejudice.

**B.     Motion Requesting Full Disclosure of Personnel Records (ECF No. 56)**

Pursuant to the California Public Records Act, Plaintiff requests access to the following records related to Defendants, from 2017 through 2019: (1) records of misconduct and of any incident in which the use of force against a person resulted in death or great bodily injury; (2) "administrative investigations that violated a law or agency policy," including any criminal investigations; (3) any records of civilian and prisoner complaints, including the investigation, findings, and disposition of those complaints and findings, as well as records of staff and citizen complaints; (4) factual information concerning disciplinary investigations, disciplinary actions, and "facts contained in

personnel file[s] concerning disciplinary or imposition of disciplinary action before 2017 and after 2017 thr[ough] 2019"; and (5) "personal records for impeachment, and false statements" made by Defendants. (ECF No. 56 at 1-2.) Plaintiff requests this information for impeachment purposes. (*Id.* at 5.)

Plaintiff's motion is styled as a *Pitchess* motion. (*See id.* at 3.) A *Pitchess* motion is the procedural method established in *Pitchess v. Superior Court*, 11 Cal. 3d 531 (1974), and later codified by California Penal Code §§ 832.7 and 832.8 and California Evidence Code §§ 1043-1045, that allows for discovery of otherwise privileged personnel records in California. *Morris v. Barra*, No. 10-cv-2642-AJB BGS, 2012 WL 4900203, at *3 n.3 (S.D. Cal. Oct. 15, 2012), *aff'd*, 2012 WL 5928144 (S.D. Cal. Nov. 26, 2012); *see also Hernandez v. Holland*, 750 F.3d 843, 850, n.7 (9th Cir. 2014) ("A Pitchess motion asks for 'access to records of complaints, or investigations of complaints, or discipline imposed as a result of those investigations' of 'law enforcement and custodial personnel.'"). However, in civil rights cases brought under federal statutes, questions of privilege are resolved by federal law. *See Jackson v. County of Sacramento*, 175 F.R.D. 653, 655 (E.D. Cal. 1997); *Morris*, 2012 WL 4900203, at *4 (citing *Kerr v. U.S. Dist. Court for the N. Dist. of Cal.*, 511 F.2d 192, 197 (9th Cir. 1975)).

A *Pitchess* motion is therefore not the proper procedure for obtaining production of Defendants' personnel and internal affairs records in this case. *See Morris*, 2012 WL 4900203, at *4; *Turner v. Spence*, No. CIV S-07-0022GGHP, 2008 WL 927709, at *9 (E.D. Cal. Apr. 4, 2008). The proper mechanism for compelling discovery responses from Defendants is a motion to compel. *See Kons v. Longoria*, No. 07-cv-00918-SKO PC, 2010 WL 2302844, at *1 (E.D. Cal. June 7, 2010); Fed. R. Civ. P. 37.[1] Accordingly, the Court **DENIES** Plaintiff's *Pitchess* motion for full disclosure of personnel records.

---

[1] Plaintiff is advised that discovery is generally a self-executing process. Plaintiff does not make discovery requests through the Court. *See* S.D. Cal. CivLR 33.1(c), 36.1(c). Plaintiff must directly serve Defendants with discovery requests, such as

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motions for the appointment of a neutral expert witness pursuant to Federal Rule of Evidence 706 (ECF Nos. 51, 53) are **DENIED WITHOUT PREJUDICE**, and Plaintiff's *Pitchess* motion for full disclosure of personnel records (ECF No. 56) is **DENIED**.

**IT IS SO ORDERED.**

Dated: July 16, 2019

Hon. Jill L. Burkhardt
United States Magistrate Judge

---

document production requests that request relevant documents contained in Defendants' personnel files. *See* Fed. R. Civ. P. 34. Defendants are then required to respond to Plaintiff's discovery request by furnishing the requested documents or by raising objections to Plaintiff's requests. *See* Fed. R. Civ. P. 34(b)(2). The Court refers the parties to the procedures outlined in *Hampton v. City of San Diego*, 147 F.R.D. 227 (S.D. Cal. 1993) regarding requests for peace officer personnel and internal affairs records.